IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| TERRY ARNOLD MESSER,<br><br>                 Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                 Respondent. | MEMORANDUM DECISION AND ORDER GRANTING PETITIONER'S MOTION TO WITHDRAW<br><br><br>Civil Case No. 2:14-CV-472 TS<br>Criminal Case No. 2:13-CR-128 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Petitioner Terry Arnold Messer's Motion to Withdraw his motion under 28 U.S.C. § 2255. For the reasons discussed below, the Court will allow Petitioner to withdraw his § 2255 motion and will dismiss his claims without prejudice.

I.  BACKGROUND

Petitioner was charged on February 28, 2013, with one count of distribution of methamphetamine. A Superseding Indictment was filed on April 24, 2013. Defendant pleaded guilty on August 15, 2013, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). On November 7, 2013, the Court accepted the plea agreement and, in accordance with that agreement, imposed a sentence of 240 months. Judgment was entered on November 13, 2013.

Petitioner did not file a direct appeal. However, Petitioner filed a Petition for Writ of Error Coram Nobis on June 18, 2014. Petitioner filed his § 2255 motion on June 19, 2014, and has since requested the Court construe his Petition for Writ of Error Coram Nobis as a § 2255 motion. In addition, Petitioner has filed motions in both his underlying criminal case and his § 2255 case requesting various relief. Petitioner now seeks dismissal of his § 2255 Motion.

1

II. DISCUSSION

Petitioner seeks dismissal of his § 2255 motion without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). That rule provides that a plaintiff may dismiss an action without a court order by filing a stipulation of dismissal signed by all parties. Petitioner has not filed such a stipulation and Respondent requests that the Court deny Petitioner's § 2255 motion on the merits. Based upon this, Rule 41(a)(1)(A)(ii) is not available.[1] Therefore, the Court will consider Petitioner's Motion under Federal Rule of Civil Procedure 41(a)(2).

Rule 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Unless otherwise stated, a dismissal under this rule is without prejudice.[2] "When considering a motion to dismiss without prejudice, 'the important aspect is whether the opposing party will suffer prejudice in the light of the valid interests of the parties.'"[3] "Absent 'legal prejudice' to the defendant, the district court normally should grant such a dismissal."[4]

> The parameters of what constitutes "legal prejudice" are not entirely clear, but relevant factors the district court should consider include: the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation. Each factor need not be resolved in favor of the

---

[1] Federal Rule of Civil Procedure 41(a)(1)(A)(i) allows for a plaintiff to dismiss an action by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. The government has responded to Petitioner's § 2255 motion. Therefore, this avenue for dismissal is also unavailable.

[2] Fed. R. Civ. P. 41(a)(2).

[3] *Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir. 1993) (quoting *Barber v. Gen. Elec. Co.*, 648 F.2d 1272, 1275 (10th Cir. 1981)).

[4] *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997) (quoting *Andes v. Versant Corp.*, 788 F.2d 1033, 1036 (4th Cir. 1986)).

moving party for dismissal to be appropriate, nor need each factor be resolved in favor of the opposing party for denial of the motion to be proper.[5]

"The district court should endeavor to insure substantial justice is accorded to both parties. A court, therefore, must consider the equities not only facing the defendant, but also those facing the plaintiff; a court's refusal to do so is a denial of a full and complete exercise of judicial discretion."[6]

Considering these factors, the Court finds that dismissal without prejudice is appropriate. First, the Court finds that the government has expended effort and expense in responding to the substance of Petitioner's § 2255 motion. Second, the Court finds that there was not excessive delay and lack of diligence on the part of Petitioner. Petitioner asked for dismissal of his § 2255 motion approximately thirty days after the government filed its response to the motion. Third, the Court finds that Petitioner has provided an adequate explanation for the dismissal. Specifically, Petitioner has stated that he does not want to waste the Court's resources in evaluating what the government considers to be a meritless motion. Finally, the stage of the litigation favors dismissal without prejudice. While the government has responded substantively to Petitioner's § 2255 motion, Petitioner has not filed a reply and the Court has not begun to evaluate that motion.

Based upon all of these considerations, the Court finds that the government will not suffer legal prejudice if the § 2255 motion is dismiss without prejudice. Therefore, the Court will grant Petitioner's Motion to Withdraw and will dismiss his § 2255 motion without prejudice.

---

[5] *Id.* (citation omitted).

[6] *Id.* (citation omitted).

## III.  CONCLUSION

It is therefore

ORDERED that Petitioner's Motion to Withdraw (Docket No. 12 in Civil Case No. 2:14-CV-472) is GRANTED. It is further

ORDERED that Petitioner's § 2255 Motion (Docket No. 1 in Civil Case No. 2:14-CV-472) is DISMISSED WITHOUT PREJUDICE. It is further

ORDERED that the various motions filed by Petitioner (Docket Nos. 3, 8, 10, and 11 in Civil Case No. 2:14-CV-472 and Docket Nos. 68, 69, 70, 71, and 72 in Criminal Case No. 2:13-CR-128) are DENIED WITHOUT PREJUDICE.

The Clerk of the Court is directed to close Civil Case No. 2:14-CV-472 forthwith.

DATED this 21st day of October, 2014.

BY THE COURT:

Ted Stewart
United States District Judge