IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>v.<br><br>TERRY ARNOLD MESSER,<br><br>             Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION<br><br>Case No. 2:13-CR-128 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Motion for Sentence Reduction. For the reasons discussed below, the Court will deny the Motion.

I.  BACKGROUND

Defendant was charged on February 28, 2013, with one count of distribution of methamphetamine. A Superseding Indictment was filed on April 24, 2013. Petitioner pleaded guilty on August 15, 2013, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).

Prior to sentencing, a Presentence Report was prepared. The Presentence Report determined that Defendant qualified as a career offender based on three prior convictions: (1) a 1996 conviction for distribution of a controlled substance; (2) a 2000 conviction for possession of a controlled substance within a correctional facility; and (3) a 2001 conviction for operation of a clandestine laboratory. This resulted in a guideline range of 324 to 405 months. On November 7, 2013, the Court accepted the plea agreement and, in accordance with that agreement, imposed a sentence of 240 months. Defendant has served approximately nine years of his sentence and seeks a reduction.

## II.  DISCUSSION

"A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so."[1]  18 U.S.C. § 3582(c)(1)(A) allows the Court to modify a term of imprisonment under certain circumstances. Relevant here,

> the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction.

Where, as here, a defendant has fully exhausted their administrative rights, the Court may reduce a defendant's term of imprisonment where: (1) "extraordinary and compelling reasons" warrant a sentence reduction; (2) the sentence reduction is consistent with "applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with the Court's consideration of the 18 U.S.C. § 3553(a) factors.[2] The Court has the authority to exercise its independent discretion to define the term "extraordinary and compelling reasons."[3]

---

[1] *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996) (citations omitted).

[2] 18 U.S.C. § 3582(c)(1)(A); *see also United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).

[3] *See McGee*, 992 F.3d at 1045 (holding district courts "have the authority to determine for themselves what constitutes 'extraordinary and compelling reasons,' but that this authority is effectively circumscribed by . . . the requirement that a district court find that a reduction is consistent with applicable policy statements issued by the Sentencing Commission").

Defendant argues that extraordinary and compelling reasons exist to support a sentence reduction for three reasons. First, he asserts that he was incorrectly determined to be a career offender because Utah's controlled substance statute is overly broad because it encompasses mere offers to sell. However, the Tenth Circuit recently rejected this argument.[4]

Defendant next points to the fact that he was sentenced prior to the First Step Act, meaning that he may have received a lesser sentence today. In addition, Defendant points to his efforts at post-offense rehabilitation. The Tenth Circuit has made clear that the "fact a defendant is serving a pre-First Step Act" sentence "cannot, standing alone, serve as the basis for a sentence reduction under § 3582(c)(1)(A)(i)."[5] Similarly, Congress has stated that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."[6] However, "the combination of [a pre-First Step Act] sentence and a defendant's unique circumstances" may "constitute 'extraordinary and compelling reasons' for purposes of § 3582(c)(1)(A)(i)."[7]

Here the Court cannot conclude that Defendant's lengthy sentence and rehabilitative efforts constitute extraordinary and compelling reasons to support a sentence reduction. Defendant engaged in serious conduct and attempted to obstruct justice to avoid punishment. His lengthy sentence is a result of this conduct as well as his lengthy criminal history. While the Court commends Defendant's efforts to improve himself while incarcerated, those efforts alone or in combination with his lengthy sentence, do not warrant a reduction.

---

[4] *United States v. Babcock*, 40 F.4th 1172 (10th Cir. 2022).

[5] *McGee*, 992 F.3d at 1048.

[6] 28 U.S.C. § 994(t).

[7] *McGee*, 992 F.3d at 1048.

## III.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Sentence Reduction (Docket No. 94) is DENIED.

DATED this 16th day of August, 2022.

BY THE COURT:

_____
Ted Stewart
United States District Judge